UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK LEAPHART,

    Plaintiff,

v.                                            Case No. 17-12241
                                              Honorable Victoria A. Roberts

RICK SNYDER, et al.,

    DefendantS.

_____/

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING THE COMPLAINT**

On July 10, 2017, Plaintiff Kirk Leaphart filed a *pro se* civil rights complaint against Rick Snyder and the City of Detroit, alleging a violation of his procedural due process rights. Plaintiff also filed an application to proceed *in forma pauperis*.

Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. However, his complaint is **DISMISSED** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

When a plaintiff proceeds *in forma pauperis*, the Court has an obligation to screen the complaint and dismiss the case if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Although this standard "does not require 'detailed factual allegations,'

. . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

The Court construes a *pro se* plaintiff's complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, that "leniency . . . is not boundless," and "basic pleading standards" still must be satisfied. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

The complaint is five sentences in length. Plaintiff alleges that on June 25, 2017 Detroit Police Officers arrested him without *Miranda* warnings and took him to the Mound Road Detention Center, where the Michigan Department of Corrections ("MDOC") held him until June 27. Based on that, Plaintiff claims that: (1) he was "subjected to the deprivation of liberty without procedural due process[] by an intergovernmental agreement between the City of Detroit and [MDOC] to lockup arrestees who may be held for 72 hours"; and (2) he "was willfully inflicted with severe mental and emotional distress during the 72 hours of incarceration, knowing intergovernmental agreement was the moving force behind the violation(s)."

Construing the complaint liberally, Plaintiff fails to satisfy the basic pleading requirements set forth in *Twombly* and *Iqbal*. Rather than providing defendants fair notice of the claim and the grounds upon which it rests, the complaint consists merely of "naked assertions" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Plaintiff does not elaborate any basis for his claim that he was deprived

of his liberty without due process. His conclusory allegations fail to specify what specific conduct violated his rights, and how and/or why that conduct violated his rights. Moreover, among other things, Plaintiff fails to allege that the officers lacked probable cause to arrest him. The complaint does not meet basic pleading standards.

In addition to not satisfying the basic pleading standards, Plaintiff's complaint fails to set forth a plausible claim against either defendant.

The complaint fails against Snyder because Plaintiff does not allege that Snyder had any personal involvement with the violation of his due process rights. *See Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir. 2002) (holding that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights").

As to the City of Detroit, Plaintiff's complaint fails because he does not plead sufficient facts to state a plausible municipal liability claim under 42 U.S.C. § 1983.

"A municipality may be held liable only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. Furthermore, for municipal liability, there must be an affirmative link between the policy and the particular constitutional violation alleged." *Bennett v. City of Eastpointe*, 410 F.3d 810, 818-19 (6th Cir. 2005) (citations and internal quotation marks omitted).

Plaintiff attaches an MDOC-issued announcement from 2013 stating that the Mound Correctional Facility will serve as the City of Detroit's lockup for arrestees. However, Plaintiff fails to allege how this announcement is an official policy of the City of Detroit. Moreover, even assuming the announcement is an official policy, Plaintiff does

3

not allege an "affirmative link" between the purported policy and his alleged due process violation that makes it plausible that the policy was the "moving force" behind the alleged violation. *See Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (holding that the "official policy must be 'the moving force of the constitutional violation' in order to establish [municipal] liability . . . under § 1983" (citation omitted)).

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court, therefore, **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, the Court **CERTIFIES** that any appeal of this order would be frivolous and would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: July 21, 2017