UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK LEAPHART,

    Plaintiff,

v.

    Case No. 17-12241
    Honorable Victoria A. Roberts

RICK SNYDER, et al.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [Doc. 6]

On July 10, 2017, Plaintiff Kirk Leaphart filed a *pro se* civil rights complaint against Rick Snyder and the City of Detroit, and an application to proceed *in forma pauperis*. In an Order dated July 21, 2017, the Court granted Plaintiff's application to proceed *in forma pauperis*, but dismissed the complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). [Doc. 5].

Plaintiff now moves for relief from that order under Federal Rule of Civil Procedure 60(b)(6), arguing that the Court applied a heightened pleading standard more stringent than the standard applicable to claims alleging municipal liability under 42 U.S.C. § 1983. [Doc. 6].

Under Rule 60(b)(6), the Court may relieve a party from a final judgment or order for "any other reason that justifies relief" that is not addressed by the first five subsections of Rule 60(b). Although Plaintiff does not provide the standard for granting relief under this subsection, it is well established that Rule 60(b)(6) "applies only in exceptional and extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir.

2001). "Moreover, the exceptional circumstances under Rule 60(b)(6) require 'unusual and extreme situations where principles of equity *mandate* relief.'" *Id.* (emphasis in original) (citation omitted). Plaintiff does not demonstrate the exceptional circumstances required to warrant relief from judgment under Rule 60(b)(6).

Contrary to Plaintiff's argument, the Court did not apply a heightened pleading standard more stringent than the standard applicable to his § 1983 municipal liability claim. Construing the complaint *liberally* (based on Plaintiff's *pro se* status), the Court held that "Plaintiff fails to satisfy the basic pleading requirements set forth in *Twombly* and *Iqbal*. Rather than providing defendants fair notice of the claim and the grounds upon which it rests, the complaint consists merely of 'naked assertions' and 'unadorned, the-defendant-unlawfully-harmed-me accusation[s].'" [Doc. 5, PgID 17-18].

The Court further found that the complaint failed to allege a plausible claim against Snyder because Plaintiff did not allege that Snyder had any personal involvement with the alleged violation of his due process rights; and that the municipal liability claim failed because, among other things, Plaintiff did not allege an affirmative link between the purported policy and his alleged due process violation to show that the policy was the "moving force" behind the alleged violation. [*Id.*, PgID 18-19].

Plaintiff's five-sentence complaint failed to allege a plausible claim and failed to satisfy basic pleading standards – even when construed liberally. Plaintiff does not show exceptional circumstances exist, where principles of equity mandate relief from judgment. Therefore, he fails to satisfy the requirements of Rule 60(b)(6).

Moreover, because the basis of Plaintiff's motion is that the Court committed a legal error by construing his claims under an improper pleading standard, Plaintiff

2

improperly brought the motion under Rule 60(b)(6).  "A claim of strictly legal error falls in the category of 'mistake' under Rule 60(b)(1) and thus is not cognizable under 60(b)(6) absent exceptional circumstances."  *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).  Plaintiff does not address Rule 60(b)(1), let alone show that exceptional circumstances exist that warrant his use of Rule 60(b)(6).  Plaintiff's motion is entirely without support.

Plaintiff's motion for relief from judgment [Doc. 6] is **DENIED**.

Moreover, just as the Court certified that an appeal of the order dismissing the complaint would be frivolous and not be taken in good faith, the Court **CERTIFIES** that any appeal of this order would be frivolous and would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 18, 2017